UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMERICAN CONTRACTORS INDEMNITY
COMPANY, INC.,

    Plaintiff,

vs.                                                    Case No.  3:06-cv-356-J-MCR

BROWN & LUKE CONTRACTING, INC., et al.,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Third Party Plaintiff Brown & Luke Contracting, Inc.'s ("B&L") Motion for Entry of Judgment on Default or Summary Final Judgment (Doc. 37) filed August 23, 2006.  Third Party Defendant Inter-Continental Services NA, LLC's ("Inter-Continental") response was due on September 12, 2007.  Inter-Continental, however, failed to file a response.  Accordingly, this matter is ripe for review.

**I.**    **BACKGROUND**

Inter-Continental leased equipment to B&L pursuant to multiple leases for a construction job in Duval County, Florida.  (Doc. 37, p. 2).  B&L purchased a bond from American Contractors Indemnity Company, Inc. ("ACIC") for the purpose of ensuring a benefit to its materialmen and subcontractors, including Inter-Continental.  Id.  Evidently, in November 2005, Inter-Continental made a claim against the bond for $84,009.36 – representing unpaid invoices pertaining to the leases it had with B&L.  (Doc. 1, p. 5).

B&L, however, disputed the claim because Inter-Continental's bill included charges which were unauthorized by B&L. (Doc. 6, p. 4). Nevertheless, ACIC paid the claim in full and filed a complaint against B&L in this Court on April 14, 2006. Id. Inter-Continental accepted ACIC's payment in full, despite B&L's accusations that the claim included charges which should have been credited back to B&L. Id. Thus, when it responded to ACIC's complaint, B&L filed a third party complaint against Inter-Continental on June 26, 2006 seeking damages for unjust enrichment. (Doc. 6).

Because B&L had a contractual obligation to reimburse ACIC for the full amount paid to Inter-Continental, B&L paid ACIC in full and they settled the case. (Docs. 28 & 37, p. 3). B&L's third party complaint against Inter-Continental, however, is still pending before this Court. (Doc. 6). Notably, Inter-Continental never responded to the Third Party Complaint and in fact, Inter-Continental has not made an appearance before this Court. The Clerk of Court entered default against Inter-Continental on October 13, 2006. (Doc. 17). Now B&L has filed this Motion seeking a default final judgment against Inter-Continental, along with $22,121.31 – representing the excessive amount paid to Inter-Continental. Inter-Continental has again failed to respond.

### III.   ANALYSIS

According to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Rule 55(a), Fed.R.Civ.P. After obtaining a clerk's entry of default, the next step is to seek a default judgment pursuant to Rule 55(b).

Rule 55(b) provides two ways for the entry of default judgment. Rule 55(b)(1) provides for entry of judgment by default by the clerk of the court "[w]hen the plaintiff's claims against a defendant is for a sum certain or for a sum which can by computation be made certain." Rule 55(b)(2) states that "[i]n all other cases the party entitled to a judgment by default shall apply to the court therefore."

However, it is well-established that "a defendant's default does not in itself warrant the court entering a default judgment" Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] "There must be a sufficient basis in the pleadings for the judgment entered." Id. A defendant will not be deemed to have admitted facts that are not well-pleaded or to have admitted conclusions of law. Id. Accordingly, in ruling on the motion for default judgment, the Court must examine B&L's claim for unjust enrichment against Inter-Continental.

To state a successful claim for unjust enrichment, B&L must have plead the following four elements: (1) B&L has conferred a benefit on Inter-Continental; (2) Inter-Continental has knowledge of the benefit; (3) Inter-Continental has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for Inter-Continental to retain the benefit without paying fair value for it. Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A., 938 So. 2d 571, 577 (Fla. 4th DCA 2006); Della Ratta v. Della Ratta, 927 So. 2d 1055, 1059 (4th DCA 2006); W.R. Townsend Contracting, Inc. v. Jensen Civil Const., Inc., 728 So. 2d 297, 303 (Fla. 1st DCA 1999). This Court finds

---

[1] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

B&L has properly alleged a claim for unjust enrichment. Specifically, B&L states Inter-Continental received a benefit from B&L when ACIC paid Inter-Continental on behalf of B&L. B&L further states, Inter-Continental was aware that B&L disputed Inter-Continental's claim, in that B&L argued Inter-Continental received approximately $30,000.00 above and beyond what it was owed. Yet, Inter-Continental accepted the ACIC's payment in full without regard to B&L's claim that the bill was excessive, and B&L was obligated to reimburse ACIC for such amount. Finally, B&L states it has suffered damages as a result of Inter-Continental's refusal to reimburse B&L. Because the Court has determined Plaintiff has stated a claim against Inter-Continental for unjust enrichment, a default judgment against Inter-Continental is due to be entered.

A default judgment against Inter-Continental establishes Inter-Continental's liability. There is, however, a remaining issue which needs to be resolved regarding damages. While the allegations in a well-pleaded complaint are accepted as true when a default judgment is entered, the Court is required to make an independent determination of the sum to be awarded when the damages are uncertain. Flynn v. Angelucci Bros & Sons, Inc., 448 F. Supp. 2d 193, 195 (D. D.C. 2006); see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (stating a court may conduct a hearing to determine damages, but it need not do so if there is a basis for the damages specified in the default judgment).

Here, B&L seeks $22,121.31 as restitution for Inter-Continental's unjust enrichment. In support of its claim for damages, B&L submitted an Affidavit of Thomas L. Luke, the President of B&L. Mr. Luke states B&L is owed $22,121.31 by Inter-

... 

Continental; however, the Mr. Luke's Affidavit only accounts for $15,921.31in charges which should not have been included in Inter-Continental's bill.   Specifically, Mr. Luke set forth the following amounts, which should have been excluded from Inter-Continental's bill and which are now owed to B&L:

- $5,126.00    failed to credit payment on behalf of B&L
- $5,000.00    failed to credit payment on behalf of B&L
- $1,335.31    failed to credit payment on behalf of B&L
- $3,400.00    charges not contractually allowed
- $1,060.00    charges included in claim which were withdrawn from a revised invoice

  ─────────────
  $15,921.31    Total due B&L

Accordingly, it is not clear where the discrepancy in damages lies.  The Affidavit specifically accounts for $15,921.31 due to B&L, but B&L claims that it is owed $22,121.31.  The Court will thus, enter a default judgment in the amount confirmed by Mr. Luke's affidavit – $15,921.31.  However, the Court will allow B&L an opportunity to file an amended affidavit detailing the specifics of B&L's damages.  The Court will also provide a final opportunity to Inter-Continental to contest the damages sought by B&L.  If the evidence demonstrates to the Court that the amount owed B&L is for an amount different than $15,921.31, then the Court will amend the amount of judgment due to B&L.

After due consideration, it is

**ORDERED**:

1.    Third Party Plaintiff Brown & Luke Contracting, Inc.'s  Motion for Entry of Judgment on Default or Summary Final Judgment (Doc. 37) is **GRANTED in part.**  The Clerk is directed to enter final default judgment in favor of Third Party Plaintiff Brown &

Luke Contracting, Inc. and against Third Party Defendant Inter-Continental Services NA, LLC in the amount of $15,921.31.  The file shall remain open, however, so that the parties may have an opportunity to file additional evidence regarding the amount of damages owed to Brown & Luke Contracting, Inc.

2. Brown & Luke Contracting, Inc. shall file an Amended Affidavit, and any other additional evidence, supporting the amount it claims it is owed, if the amount is more than the $15,921.31.  Such affidavit shall be filed no later than **Tuesday, October 9, 2007.**

3. In the event Inter-Continental Services NA, LLC wishes to contest Brown & Luke Contracting, Inc.'s claims for damages, it should file an affidavit or other evidence disputing such damages no later than **Tuesday, October 16**, **2007**.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  25th  day of September, 2007.

*Monte C. Richardson*
  MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record